IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALTER PATRICK, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 2:10-00592-CG-C |
| STUART C. DUBOSE, *et al.*, | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

This matter comes before the Court, *sua sponte*, for a determination of subject matter jurisdiction. After due consideration, it is recommended that this action be dismissed for lack of subject matter jurisdiction.

**I. Nature of Proceedings.**

Plaintiff commenced this action by filing a Complaint against three Defendants, attorneys Stuart C. Dubose, Philip Perkins, and James E. Kimbrough. (Doc. 5 at 5-6). Plaintiff alleges that on approximately August 30, 2002, he paid $60,000.00 to the Stuart C. Dubose, P.C. Law Firm for legal representation in his criminal trials in Clark County, and that he never received any representation from the lawyers of this firm in Clark County. (Doc. 5 at 5). The $60,000.00 was allegedly paid on August 30, 2002, and “went through to [his] trial” which was on April 19, 2004. (*Id.*). Mr. Dubose is identified as the person who collected his money, and that during the time period, it is Mr. Patrick’ position that Mr. Dubose was “suffering from diminished mental capacity.” (*Id.*). Plaintiff has filed a complaint against Mr. Dubose with the Alabama Bar Association, and that Mr. Dubose consented to disbarment in connection with Plaintiff’s case.

(*Id.*). Plaintiff contends that Defendant attorney Philip Perkins is also a member of the Stuart C. Dubose P.C. Law Firm and that Mr. Perkins received a portion of the money that Plaintiff paid to the firm. (*Id.*). The final defendant, James E. Kimbrough, is reported as a member of the Stuart C. Dubose, P.C. Law Firm, and it is alleged that he was paid money to represent Plaintiff, but he provided no actual representation. (*Id.*).

For relief, Plaintiff requests that he be awarded a refund of the $60,000.00 that he paid to the Stuart C. Dubose P.C. Law Firm, plus interest and attorneys fees. (*Id.* at 7).

**II. Analysis.**

**A. Authority to Dismiss for Lack of Jurisdiction.**

The Court's first consideration is to inquire into its jurisdiction, *United States v. Denedo*, 556 U.S. 904, 909, 129 S. Ct. 2213, 2219, 173 L. Ed. 2d 1235 (2009), as its jurisdiction is limited by the Constitution or Congress to hear only certain actions. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and dismissed *sua sponte* whenever subject matter jurisdiction may be lacking. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

**B. Lack of Federal Question Jurisdiction.**

Plaintiff has identified the jurisdictional basis for this action as arising under 42 U.S.C. § 1983. (Doc. 5 at 1). This Court is granted federal question jurisdiction under 28 U.S.C. § 1331 to hear cases based on violations of the Constitution of the United States and its laws. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). "Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk County. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) (citing *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). "An 'insubstantial' federal question is one that is either 'obviously without merit,' or one that is clearly foreclosed by previous Supreme Court decisions." *Id.* (quoting *Ex Parte Poresky*, 290 U.S. 30, 32, 54 S. Ct. 3, 4, 78 L. Ed. 152 (1933)).

A case "arises under" federal law for 28 U.S.C. § 1331 purposes only when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In the present action, Plaintiff makes no reference to a federal law in his Complaint. Rather, Plaintiff asserts only claims of "non-representation" by his criminal defense attorneys. (Doc. 5 at 6). Plaintiff states in his plea for relief that he is suing Defendants "under torts." (*Id.* at 7). At best, Plaintiff has asserted a state law claim of breach of contract against Defendants. "Section 1983 relief is predicated on a denial of a right or interest protected by the Constitution." *Medical Laundry*

*Serv. v. Board of Trustees of Univ. of Ala.*, 906 F.2d 571, 573 (11th Cir. 1990) ("[A] simple breach of contract does not rise to the level of a constitutional deprivation.").

Accordingly, the Court finds that Plaintiff's allegations do not support its federal question jurisdiction because they fail to present a federal question, or even to reference a federal law.

**III. Conclusion.**

"[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison*, 228 F.3d at 1261. Therefore, based upon the foregoing reasons, it is recommended that this action be dismissed because the Court lacks subject matter jurisdiction.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

DONE this 9th day of May, 2012.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l. ***Objection***. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).